**FILED**
**Jun 27, 2019**
**04:12 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| TRACIE HARDY, | ) | Docket No. 2019-08-0120 |
| Employee, | ) | |
| v. | ) | |
| HERSHEY CO., | ) | State File No. 7237-2019 |
| Employer, | ) | |
| and | ) | |
| XL INSURANCE AMERICA, INC., | ) | Judge Amber E. Luttrell |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

The Court held an Expedited Hearing June 7, 2019, on Ms. Hardy's request for medical and temporary disability benefits for chronic obstructive pulmonary disease, which she alleged resulted from her employment at Hershey. For the reasons below, the Court holds Ms. Hardy is not likely to prevail at trial in proving entitlement to benefits and denies her request.

### History of Claim

Ms. Hardy worked for Hershey as a team leader in the sanitation department. She alleged a respiratory illness diagnosed as asthma and chronic obstructive pulmonary disease (COPD) resulting from her work exposure to chemicals, mold, and asbestos. This is Ms. Hardy's second workers' compensation claim for this alleged condition.

### *Procedural History*

Ms. Hardy filed her first claim in 2017. On May 4, 2017, she filed a Petition for Benefit Determination Settlement Approval Only alleging an injury date of October 2, 2016. Ms. Hardy entered into a doubtful and disputed settlement for $6,000 for her "asthma and/or pulmonary problems." In support of the doubtful and disputed settlement, Ms. Hardy's counsel attached a causation letter from her pulmonologist, Dr. Suzette Panton. Dr. Panton diagnosed Ms. Hardy with COPD on October 4, 2016, but answered

1

"no" when asked did her COPD "arise primarily out of and in the course and scope of her employment meaning her employment contributed more than fifty-percent in causing said injury, considering all causes."

Following an approval hearing, this Court approved the settlement on May 18, 2017, finding that Ms. Hardy reached a compromise settlement of her doubtful and disputed claim that was in her best interest. Hershey then tendered to Ms. Hardy a $6,000 check "as satisfaction and extinction" of her claim for workers' compensation benefits. Ms. Hardy further signed Hershey's Release of Workers' Compensation Claim. The Release acknowledged her receipt of the settlement proceeds and released Hershey from any further claims on account of her alleged October 2, 2016 injury.

On January 30, 2019, Ms. Hardy, now a self-represented litigant, filed a second Petition for Benefit Determination seeking benefits from Hershey for COPD but alleging an injury date of September 7, 2016. Hershey asserted the defenses of: accord and satisfaction, res judicata, statute of limitations, estoppel, and no compensable injury.

*Hearing testimony and proof*

Ms. Hardy testified she worked in areas where she was exposed to mold, asbestos, chemicals, and "unsanitary practices." She stated she began having asthma attacks and reported her condition to Hershey management. She testified Hershey did not file a workers' compensation claim but instead placed her on short term disability. Ms. Hardy sought unauthorized treatment from Dr. Panton, a pulmonologist.

The parties introduced Dr. Panton's 2016 records into evidence, which indicated Ms. Hardy saw Dr. Panton on June 8 for asthma symptoms and a cough. She returned on September 7 and associated her asthma symptoms with "working in an environment where she is exposed to chemicals and fumes daily." Dr. Panton diagnosed severe persistent asthma, ordered testing, and provided Ms. Hardy a work note recommending she switch departments to avoid asthma irritants. When she returned on October 4, Dr. Panton diagnosed severe, persistent asthma with acute exacerbation and COPD with acute bronchitis.

On cross examination, Ms. Hardy acknowledged she settled her claim for asthma and COPD on a doubtful and disputed basis for $6,000, which the Court approved in May 2017. She further acknowledged that after her attorney deducted the attorney's fee, she received the balance.

However, Ms. Hardy disputed certain information in the settlement documents and testified she did not believe her attorney "had her best interest at heart." Specifically, she testified the October 2, 2016 date of injury listed in her settlement documents was incorrect. While she agreed that Dr. Panton's records did not list a diagnosis of COPD

2

until October 4, she stated she was actually informed of her COPD diagnosis on or about September 7. Therefore, she stated the injury date "should have been September 7, 2016."

Ms. Hardy further noted inaccuracies on the Statistical Data Form (SD1) filed with the 2017 settlement documents. She stated the SD1 should have listed the injury as "COPD" instead of "alleged asthma." Further, several boxes on the form were checked incorrectly, and the employer's attorney did not sign the SD1. Ms. Hardy contended her work injury was on September 7, 2016; she was never given a panel of physicians for treatment; and she "wants to be compensated properly."

Ms. Hardy's coworkers, Angela Woods and Danyiel Brown, testified by affidavit regarding their exposure to chemicals, mold, and asbestos at Hershey. Ms. Brown further observed Ms. Hardy coughing and experiencing shortness of breath at work.

### Findings of Fact and Conclusions of Law

At this Expedited Hearing stage, Ms. Hardy must present sufficient evidence that she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Hershey raised multiple defenses to Ms. Hardy's claim. Procedurally, it contended her claim was barred based on the doctrines of accord and satisfaction, res judicata, estoppel, as well as the statute of limitations. Substantively, Hershey argued Ms. Hardy provided no expert medical proof to establish her alleged injury arose primarily out of her employment.

The Court first addresses Hershey's accord and satisfaction defense, which is governed by Tennessee Code Annotated section 47-3-311 (2018). The statute provides:

(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) . . .[T]he claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Hershey contended the undisputed proof demonstrated the basis for Ms. Hardy's claim, COPD, was disposed of in her prior claim for benefits. The Court agrees.

3

The Court finds Hershey satisfied the requirements of its accord and satisfaction defense. Ms. Hardy agreed to resolve her contested claim on a doubtful and disputed basis in May 2017, as a result of Dr. Panton's opinion that her COPD did not arise primarily out of and in the course and scope of her employment at Hershey. As consideration for the settlement, Hershey agreed to pay Ms. Hardee $6,000 in full satisfaction of her claim. This Court conducted a hearing, approved the settlement terms, and Hershey subsequently gave Ms. Hardy a check for $6,000, which she accepted and endorsed. Further, Ms. Hardy acknowledged she signed Hershey's Release of Workers' Compensation Claim, which the Court finds satisfied the requisite "conspicuous statement" that the $6,000 was paid as full satisfaction of her claim.

Thus, the Court holds Ms. Hardy is not likely to prevail at a hearing on the merits based on Hershey's defense of accord and satisfaction.

Further, the Court finds Hershey offered sufficient evidence to establish Ms. Hardy's claim is also barred by the doctrine of res judicata. The Appeals Board explained res judicata as follows:

> The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Courts rely on this doctrine to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits. The doctrine is grounded in public policy which requires an eventual end to litigation. Indeed, the doctrine has been described as a "rule of rest."

*Johnson v. Pilgrim's Pride, Inc., et al.,* 2017 TN Wrk Comp App Bd LEXIS 18, at *3-4 (Feb. 13, 2017) (internal citations omitted).

Here, the Court finds its May 18, 2017 Order Approving Workers' Compensation Settlement Agreement was a final order that fully resolved Ms. Hardy's original claim, and both Hershey and Ms. Hardy were parties to that suit. In the present case, it is undisputed that Ms. Hardy asserted the exact same claim—that her COPD arose out of her employment at Hershey. Thus, the Court holds Ms. Hardy is unlikely to prevail at trial based on the doctrine of res judicata.

Based on the Court's holding, the Court need not address the sufficiency of the remaining defenses.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hardy's claim against Hershey Company for the requested benefits is denied.

4

**ENTERED June 27, 2019.**

Judge Amber E. Luttrell
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:
1. Tracie Hardy's affidavit
2. First Report of Injury
3. Notice of Denial
4. Danyiel Brown's affidavit
5. Angela Woods's affidavit
6. Bridget Brady, ANP's affidavit
7. Emails from Hershey management to Ms. Hardy[1] (collective)
8. Dr. Suzette Panton's records (collective)
9. Settlement documents for October 2, 2016 injury (collective)
10. Causation letter to Dr. Panton

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's objection to decision on the record
5. Order Denying Decision on the Record and Setting In Person Evidentiary Hearing
6. Order Setting Expedited Hearing
7. Ms. Hardy's pre-hearing statement
8. Hershey's pre-hearing brief
9. Ms. Hardy's pre-hearing brief

---

[1] The Court sustained a hearsay objection to Ms. Hardy's emails to Hershey and only considered Hershey's emails to Ms. Hardy.

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent to these recipients as indicated on June 27, 2019.

| Name | Via Email | Service sent to: |
|---|---|---|
| Tracie Hardy, Employee | X | Traciehardy49@gmail.com |
| Stephen Miller, Esq., Matthew Macaw, Esq., Employer's Attorneys | X | smiller@mckuhn.com mmacaw@mckuhn.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**